UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/28/2025_

A & J PRODUCE CORP., D'ARRIGO BROS. CO.
OF NEW YORK, INC. and NATHEL & NATHEL,
INC.,

                              Plaintiffs,

            -against-

JD PRODUCE MASPETH LLC
and SHENG BO DONG,

                              Defendants.

25 Civ. 1759 (AT)

**TEMPORARY
RESTRAINING ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, A & J Produce Corp., D'Arrigo Bros. Co. of New York, Inc., and Nathel & Nathel, Inc., seek an order enjoining and restraining Defendants, JD Produce Maspeth LLC ("JD Produce") and Sheng Bo Dong, and their customers, agents, employees, officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from taking any action to assign, transfer, convey, spend, or dissipate trust funds under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, in the aggregate principal amount of $294,327.50, except for delivery to Plaintiffs' counsel, and directing and requiring Defendants to account for the assets and liabilities of JD Produce and its related and subsidiary companies. ECF No. 38. Defendants are on notice of Plaintiffs' motion. *See* ECF No. 39; *see also* ECF Nos. 11–12, 15, 18, 26–28.

"The purpose of a temporary restraining order [("TRO")] is to preserve [the status quo] until the [C]ourt has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n*, 306 F.2d 840, 842 (2d Cir. 1962)). In the Second Circuit, the standard for issuing a TRO is generally the same as that for issuing a preliminary injunction. *See Carter v. Sewell*, No. 23 Civ. 1139, 2023 WL 7164304, at *1 (S.D.N.Y. Oct. 31, 2023). A movant "must establish (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm if the injunction is not granted, (3) that the balance of the equities tips in its favor, and (4) that the injunction serves the public interest." *SAM Party of N.Y. v. Kosinski*, 987 F.3d 267, 273–74 (2d Cir. 2021). Because a TRO occurs in a different "temporal context" than a preliminary injunction, however, a movant seeking a TRO must demonstrate "a threat of irreparable harm that will occur *immediately*." *Carter*, 2023 WL 7164304, at *1 (quoting *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020)). Additionally, because the purpose of a TRO "is to preserve [the status quo] until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction," *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989) (quoting *Pan. Am.*, 306 F.2d at 842–43), "[t]he burden on the moving party is even higher where . . . a party seeks a mandatory injunction—that is, an injunction commanding a positive act, as opposed to [a prohibitory injunction] that merely maintains the status quo," *Coronel v. Decker*, 449 F. Supp. 3d 274, 281 (S.D.N.Y. 2020).

The Court finds that Plaintiffs are entitled to a temporary, prohibitory injunction to preserve the status quo pending adjudication of Plaintiffs' motion for a default judgment.[1]

Plaintiffs are engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and are licensed as dealers under PACA. Bowen Decl. ¶ 3, ECF No. 34; Roman Decl. ¶ 3, ECF No. 35; Nathel Decl. ¶ 3, ECF No. 36; ECF Nos. 34-1, 35-1, 36-1. JD Produce is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is and was licensed as a dealer under PACA at all relevant times. Bowen Decl. ¶ 4; ECF No. 34-2. Plaintiffs sold and delivered to Defendants various wholesale lots of produce, which had been moved in interstate commerce or contemplation thereof, and which Defendants received from Plaintiffs without protest, worth the aggregate principal amount of $294,327.50, for which Plaintiffs have not been paid. Bowen Decl. ¶¶ 8, 10; Roman Decl. ¶¶ 8, 10; Nathel Decl. ¶¶ 8, 10; ECF Nos. 34-3, 35-2, 36-2. Plaintiffs preserved their respective interests in the PACA trust in the aggregate principal amount of $294,327.50 by delivering invoices to JD Produce that contained the language required by 7 U.S.C. § 499e(c)(4). Bowen Decl. ¶ 11; Roman Decl. ¶ 11; Nathel Decl. ¶ 11; ECF Nos. 34-3, 35-2, 36-2. Defendants have recently written Plaintiffs checks that have bounced, acknowledged lacking sufficient cash on hand to pay Plaintiffs in full, and refused to pay in full despite repeated requests. Bowen Decl. ¶¶ 8, 12; Roman Decl. ¶¶ 12–14; Nathel Decl. ¶¶ 12–13; ECF Nos. 35-3, 36-3. It appears, therefore, that the PACA trust assets in the possession of Defendants have been dissipated or are immediately threatened with dissipation. *See* Bowen Decl. ¶¶ 12–13; Roman Decl. ¶¶ 13, 15; Nathel Decl. ¶ 14. Despite ample and timely notice, Defendants have failed to appear in this action or respond to Plaintiffs' allegations. *See* ECF No. 25.

Accordingly, Plaintiffs have established a likelihood of success on the merits. In addition, there is a likelihood of irreparable harm to Plaintiffs if a prohibitory injunction does not issue, because Plaintiffs' funds may be dissipated. The balance of equities favor Plaintiffs, whose funds may be dissipated, whereas Defendants will not be harmed by doing what they are required to do under PACA (*i.e.*, maintain trust assets as required by the statute and pay undisputed debt). Finally, the public interest would be furthered by granting temporary injunctive relief because PACA's trust provisions were promulgated to benefit the public interest and protect produce sellers from non-payment, and preserving Defendants' assets may benefit other creditors or produce sellers not presently known to the Court.

The Court, therefore, ORDERS as follows:

1. Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, assigns, and banking institutions shall not alienate, dissipate, dissolve, pay over, transfer, or assign any PACA trust assets held on Defendants' behalf, or any funds belonging to JD Produce, its subsidiaries, successors, or related companies, up to the aggregate principal amount of $294,327.50, except for payment to Plaintiffs, until further

---

[1] The Court declines to grant Plaintiffs' request for immediate entry, without a hearing, of a preliminary injunction requiring Defendants and/or third parties to deliver to Plaintiffs' counsel any and all PACA trust assets and funds held on Defendants' behalf, up to the aggregate principal amount of $294,327.50, *see* ECF No. 38 at 4, because the Court finds that such a mandatory injunction would amount, in practice, to a premature order of execution, *see Coronel*, 449 F. Supp. 3d at 281, and Plaintiffs have not demonstrated why such an "extraordinary" remedy is warranted under the circumstances, *Carter*, 2023 WL 7164304, at *1.

order of the Court or until Defendants pay Plaintiffs the amount of $294,327.50 by bank check or wire transfer;

2. Defendants shall preserve the following categories of documents: (1) balance sheets and profit/loss statements from the last six months; (2) all accounts receivable records showing all funds collected by or on behalf of Defendants in the last sixty days, in addition to all records showing accounts receivable currently outstanding, including records of names, addresses, amounts, and other documentation such as invoices and account statements necessary for collection purposes; (3) all documents related to funds owed to Defendants on behalf of credit/debit card processors and any other electronic funds transfers due Defendants; and (4) all financial records, such as income tax returns, bank account statements, checking account registers, and cash receipt records showing transfer of funds to or from JD Produce in the last six months;

3. Bond shall be waived in view of Defendants now holding $294,327.50 worth of Plaintiffs' assets;

4. This Order shall dissolve 14 days after entry or after Defendants pay Plaintiffs the amount of $294,327.50 by bank check or wire transfer, whichever is sooner; and

5. Delivery of a copy of this Order to Defendants or their attorneys via Federal Express or other nationally recognized delivery service shall be deemed to constitute notice of this Order upon Defendants, their agents, servants, and employees for purposes of Federal Rule of Civil Procedure 65(d)(2).

SO ORDERED.

Dated: April 28, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

3